IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FREDRIC AARON DODD,

    Petitioner,

v.                                                          CV 15-106 RB/WPL

BILLY MASSINGILL, Warden,

    Respondent.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

This matter is before me on Fredric Aaron Dodd's Motion under 28 U.S.C. § 2241 for a Writ of Habeas Corpus, challenging the execution of his state sentence. (Doc. 1.) Since Dodd's claim may be resolved on the basis of his pleading, I have neither requested the state court record nor conducted an evidentiary hearing. I recommend that the motion be denied.

**BACKGROUND**

On November 27, 2012, Dodd pleaded guilty to one count of aggravated fleeing a law enforcement officer, a fourth-degree felony; one count of receiving or transferring stolen motor vehicles, a fourth-degree felony; and eight counts of failing to stop or yield at an intersection, all penalty-assessment misdemeanors. (Doc. 1 at 8-9, 14-15.) The state court sentenced Dodd to thirty months of incarceration followed by one year of parole for aggravated fleeing a law enforcement officer and eighteen months of incarceration followed by one year of parole for receiving or transferring stolen motor vehicles. (*Id.*) The state court imposed a total sentence of thirty months incarceration followed by one year of parole, with the sentences to run concurrently. (*Id.* at 10.) The state court ordered that Dodd serve fifteen months of his sentence

in custody, suspended fifteen months of the sentence, and placed Dodd on fifteen months of supervised probation upon his release from the Eddy County Detention Center ("ECDC"). (*Id.* at 11.) Dodd received presentence confinement credit for 161 days leading up to the November 27, 2012, sentencing hearing. (*Id.*)

On or about May 15, 2013, Dodd began his period of supervised probation, which was to expire on August 14, 2014. (*Id.* at 6; Doc. 8 Ex. E.) Dodd violated his probation on October 7, 2013, when he tested positive for methamphetamine. (Doc. 1 at 6; Doc. 8 Ex. F.) He was not arrested at that time. (Doc. 1 at 6; Doc. 8 Ex. F.) The state court entered an Amended Order of Probation on May 1, 2014, placing Dodd on fifteen months of supervised probation, beginning April 23, 2014, and ending March 1, 2015, which reflected 143 days of presentence confinement credit. (Doc. 8 Ex. G.) Dodd again violated the terms of his probation on July 8, 2014, when he tested positive for and admitted to using methamphetamine. (Doc. 8 Ex. I at 5, 7.) Dodd was subsequently arrested. (Doc. 1 at 6; Doc 8. Ex. H.) The state filed a Petition to Revoke Probation on July 17, 2014. (Doc. 8 Ex. I.) The state court held a hearing on August 18, 2014, and on September 29, 2014, entered an order revoking Dodd's probation and remanding him to ECDC. (Doc. 8 Ex. B at 1-2.) Dodd received 15 months of confinement credit and 118 days of probation credit. (Doc. 8 Ex. B at 6.) Dodd remained incarcerated as of January 25, 2015. (Doc. 1 at 7.)

## LEGAL STANDARD

Before bringing a § 2241 petition, the petitioner must exhaust all available state and administrative remedies. *Hamm v. Saffle*, 300 F.3d 1213, 1216 (10th Cir. 2002). "A habeas petitioner is generally required to exhaust state remedies whether his action is brought under § 2241 or [28 U.S.C.] § 2254." *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000) (citing *Coleman v. Thompson*, 501 U.S. 722, 731 (1991)). The exhaustion requirement is excused only if

exhaustion would be futile. *Garza v. Davis*, 596 F.3d 1198, 1203-04 (10th Cir. 2010) (citing *Fazzini v. NE Ohio Corr. Ctr.*, 473 F.3d 229, 235-36 (6th Cir. 2006); *Fairchild v. Workman*, 579 F.3d 1134, 1155 (10th Cir. 2009)). A § 2241 petition should be dismissed if the petitioner failed to exhaust state and administrative remedies and did not meet the futility threshold. *Woods v. Arellano*, 381 F. App'x 873, 875 (10th Cir. 2010) (unpublished).

## DISCUSSION

Dodd challenges only the execution of his sentence. Dodd argues that his terms of probation and parole were intended to run concurrently, began on May 12, 2013, and are long-since over. In his petition, Dodd writes that "ECDC and courts have not replied to any letters of this issue." (Doc. 1 at 2.) Dodd also indicates that he has exhausted all remedies, but then explains his failure to exhaust on the basis that the "court clerk and ECDC and state parole will not respond." (*Id.* at 3.) Dodd attached copies of the original Judgment against him and the Order Revoking Probation and Imposing Judgment and Sentence. (*See* Doc. 1.) He does not claim to have filed any kind of formal or informal petition with ECDC or the state parole board, and does not claim to have filed suit in the state court. Writing an ex parte letter to a judge does not qualify as exhausting available state remedies. Additionally, Dodd makes no argument that exhaustion would be futile. Therefore, Dodd's petition is self-defeating. *See Montez*, 208 F.3d at 866.

## CONCLUSION

For the reasons stated herein, I recommend that Petitioner's Petition under 28 U.S.C. § 2241 for Writ of Habeas Corpus (Doc. 1) be DENIED. Additionally, I recommend that the Court DENY Dodd a certificate of appealability. *See id.* at 867-68 (noting that state prisoners

must obtain a certificate of appealability to appeal from a district court's order denying a habeas petition for detention arising out of process issued by a state court).

> **THE PARTIES ARE NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the Proposed Findings and Recommended Disposition. If no objections are filed, no appellate review will be allowed.**

_____
WILLIAM P. LYNCH
UNITED STATES MAGISTRATE JUDGE

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any pro se
party as they are shown on the Court's docket.